[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Preparation Cost Expenses Under Section52-560(F) of the General Statutes
In this case the defendant deposed the plaintiff's expert. The plaintiff sent a bill to defense counsel for the expert's bill for the time the expert spent at the deposition and a bill of $250. for "preparation" time the expert spent getting ready for the deposition. The defendant refuses to pay for the preparation time.
Cases permitting expenses for preparation time for a deposition to be taxed against the party conducting the deposition are Bray v. Anderson, 1 Conn. Ops. 1310 (1995) andHarding v. Jacoby, CV88-0353674S (7/22/93), cases taking a contrary position in their interpretation of § 52-260(f) areKirk v. Vanani, 11 CLT #26 (12/28/84), Ahern v. Maskovitz,2 Conn.L.Rptr. 471 (1990) and Crocco v. Lieb, 2 Conn. Ops. 216 (1996).
The cases agree that a deposition is a "proceeding" under the terms of the statute which requires that an expert doctor summoned to such a proceeding be paid by the party who requests the deposition.
I agree with the cases that hold that costs for preparation CT Page 5085 time may also be taxed against the party who requests the deposition in addition to the experts charges for the time spent at the deposition. Nothing in the language of § 52-560(f) mandates a different result and fairness seems to require such a rule. Certainly the doctor notified of a deposition would be expected to spend time preparing for the deposition; that he or she do so is or could be just as much in the interest of or value to the party whose expert is to be deposed as to the opposing side who wants to depose the doctor and has brought about the situation which requires the doctor to prepare. But for the requested deposition the expenses for preparation time would not have been incurred so why shouldn't the party whose deposition request results in the expense pay for it. Clearly the doctor or other expert deposed has a right to be paid for his or her preparation time and why should that cost be visited on the party whose expert it may be but who had nothing to do with requiring a deposition be held?
The court in Crocco v. Lieb, supra said: "If the court were to begin awarding preparation costs for an expert's deposition, this policy could open a pandora's box to more expensive depositions controlled by the expert being deposed. This would have a chilling effect on the taking of expert depositions prior to trial." But there are other evil spirits that could be let loose from the pandora's box. A litigant who has a perfect right to present a claim or a defense through the use of expert testimony could be visited with costs he or she is unable to bear for the purpose of meeting the realistic expenses of a procedure the litigant did not initiate but which opposing counsel initiated. This might have a chilling effect on the use of experts and the rights of a less well-off litigant to either use such experts or have them prepare adequately for what is after all an adversarial proceeding.
The concerns raised in Crocco v. Lieb are real ones, but the way to avoid the dangers discussed in Crocco is to have the trial court review closely whether the expenses demanded for preparation time are in fact reasonable. A court can make a fair appraisal of that question because if a party feels strongly that the preparation costs are unreasonable it can ask the court to review the transcript and determine whether the subject matter of the deposition required such preparation or perhaps whether the expert during the deposition by the quality and extent of his deposition really could be said to have spent the time in preparation that he claims. CT Page 5086
Here nothing has been presented to the court to indicate the $250 preparation time expense by the doctor was unreasonable. Defense counsel shall pay the preparation costs in this case.
Corradino, J.